IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 DEC -4 AM 11: 24

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. 18 - CV - 03115
(To be supplied by the court)

PEDRO REYES & TERESITA REYES
_____, Plaintiff

v.

THE LARIMER COUNTY PLANNING COMMISSION
_____,

JEFF JENSEN
_____,

GARY GERRARD
_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

[✓] Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

28 C.F.R. 35.130    TITLE II OF THE ADA

42 U.S.C. 1983

[ ] Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

*Pedro & Teresita Reyes v. The Larimer Planning Commission*

*December 3, 2018*

## D. STATEMENT OF CLAIM(S)

CLAIM ONE: **28 C.F.R. 35.101 (a)(b)**

**28 C.F.R. 35.130 (b)(1)(vii)**

Supporting facts:

On August 15, 2018, the Plaintiff, Mr. Pedro Reyes, had been an officially recognized speaker at the Larimer Planning Commission Hearing of the Loveland Ready Mix Knox Pit mining application. Video recording will show that during the Hearing, Mr. Reyes had requested presiding Chairman, Jeff Jensen, for the accommodation to be allowed to designate his wife, Mrs. Teresita Reyes, to speak on his behalf.

The Plaintiffs would like to respectfully bring to the Courts attention that **the Larimer Planning Commission had been apprised that the Plaintiff, Mr. Reyes, is an individual with a recognized disability.** *(Please refer to page 3 of Amended Complaint Case No. 1:18-cv-00860.)* Because of his disability, Mr. Reyes could not effectively articulate to the Presiding Chairman, Commissioner Jeff Jensen, that his disabilities were impediments that affected his ability to speak at the Hearing but that nonetheless, his wife was knowledgeable of his medical condition and could articulate on his behalf the reason for his protest of the Knox Pit.

Mr. Reyes was embarrassed and felt uncomfortable about openly disclosing his medical condition before a crowd of unfamiliar people at the Court that day. Chairman Jensen and Vice Chairman Gerrard who presided at the Hearing, made no attempt to determine why Mr. Reyes was unable to present evidence. Instead, Commissioner Jensen had promptly and without hesitation quickly dismissed Mr. Reyes' appeal and ruled to deny Mr. Reyes' request for the accommodation. Chairman Jensen then proceeded to abruptly call for the next couple, Mr. & Mrs. West to come up and take their turn to speak.

**Chairman Jensen gave no reason for his decision to bar Mr. Reyes from speaking at the hearing.**

*Pedro & Teresita Reyes v. The Larimer Planning Commission*

*December 3, 2018*

The Plaintiffs would like to bring to the Court's attention that:

   a. Mr. Reyes had been the only speaker who was denied the privilege to present evidence at the Hearing

   b. Mr. Reyes was the only speaker barred from being Heard at the Hearing

   c. The Board had deprived the Plaintiff of a Public Entity benefit without giving cause for the said action

   d. The Larimer Planning Commission essentially effected an unjust segregation of Mr. Reyes by purposefully denying him a benefit that it had freely granted to all the other speakers at the Hearing.

The Larimer Planning Commission had discriminated against Mr. Reyes' on the basis of his disability by preventing him from exercising the right to be heard at the Loveland Ready Mix Hearing.

The Plaintiffs assert that:

1. The Larimer Planning Commission had failed an obligation to implement Title II of the ADA

2. The Larimer Planning Commission's failure to comply with ADA regulations constituted a discrimination against Mr. Reyes on the basis of his disability

*Pedro & Teresita Reyes v. Larimer Planning Commission*

*December 3, 2018*

D. STATEMENT OF CLAIM(S)

CLAIM TWO:  <u>28 C.F.R. 35.130 (8)</u>

Supporting facts:

Chairman Jensen offered no cause for the denial of a Public Entity benefit to the Plaintiff, Mr. Pedro Reyes. It is therefore argued that the Board's decision to exclude the Plaintiff as a Public Commenter and prevent him from speaking during the Hearing infers that the Planning Board's action to deny must have been **founded on an eligibility criteria that Mr. Reyes had failed to meet**. Otherwise; Chairman Jensen's action to deny can be construed as baseless and arbitrary. Chairman Jensen denied the accommodation of allowing Mr. Reyes to designate his wife, Mrs. Reyes, to speak on his behalf as an accommodation of Mr. Reyes' disability. On the contrary, Chairman Jensen had freely granted Mr. Jack West the unequal program benefit of allowing his wife, Mrs. West, to speak on his behalf.

The Plaintiffs allege that, Chairman Jensen had granted Mr. & Mrs. West a program benefit that Chairman Jensen had adversely denied to Mr. & Mrs. Reyes. The Plaintiffs argue that Chairman Jensen's unequal application of the law evidences a bias that had been effected by the Public Entity's imposition of an eligibility criteria on Mr. & Mrs. Reyes who are both individuals with disability.

The Plaintiffs assert that the Planning Board's action is discriminatory and in violation of <u>28 C.F.R. 35.130 (8)</u>.

Pedro & Teresita Reyes v. The Larimer Planning Commission

December 3, 2018

D. STATEMENT OF CLAIM(S)

CLAIM THREE: **28 C.F.R. 35.130 (3)(iii)**

Supporting facts:

On May 4, 2018, the Plaintiff, Teresita Reyes had filed **Case No. 1:18-CV-00860**; naming the Larimer Planning Department and the Division of Reclamation & Mining Safety (DRMS) as Respondents in a discrimination based on disability Complaint; whereby the Plaintiff alleged a deprivation of ADA Protection and a Due Process right(s) to due notice and the right to present evidence and be heard at the Division of Reclamation and Mining Safety Hearing of the Knox Pit.

On August 15, 2018, the Larimer County Planning Commission had perpetuated a discrimination by repeating the denial of a Public Entity benefit that would have otherwise allowed Mrs. Reyes to present evidence and be heard on behalf of Mr. Reyes as his designated representative. It is asserted that both the DRMS and the Larimer County Planning Commission had utilized a method of administration that effected a discrimination based on disability against the Plaintiff, Teresita Reyes.

Plaintiff, **Teresita Reyes**, asserts the following in support of a claim of perpetuation of discrimination:

1. The Larimer Planning Commission had been apprised that, Teresita Reyes is an individual with a recognized disability

2. The Larimer Planning Commission is bound by law to regard Mrs. Reyes as an individual with a recognized disability and one belonging to a protected class. By ADA law, the Larimer Planning Commission is bound by ADA regulations to accord Mrs. Reyes all rights due as a protected individual.

   Mrs. Reyes asserts that the Larimer Planning Commission ruled to violate Title II of the ADA by refusing to accommodate the disabled Mrs. Reyes' request to avail of the Public Entity benefit of being able to advocate for her disabled spouse at the Hearing. (A benefit that it had unfairly granted to the West Couple, Mr. Jack West and Mrs. Ladelle West.)

Mrs. Reyes asserts that the Larimer County Planning Commission's action to prevent her from speaking and presenting evidence at the Hearing on behalf of her disabled spouse, is a violation of her own right to Due Process and equal protection of the Law as guaranteed by the Constitution.

Mrs. Reyes argues that presiding Chairman Commissioner Jensen, while acting under color of law, had blatantly effected a bias while performing his duty as a decision-maker.

Mrs. Reyes argues that; just as in Case No. 1:18-CV-00860:
- Commissioner Jensen like the DRMS; had failed to comply with the ADA by refusing to accord Mrs. Reyes protection due as mandated by Title II of the ADA
- Commissioner Jensen's having denied Mrs. Reyes the right to present evidence and be heard as her disabled spouse's designated representative had **once again** deprived her of Due Process of Law.

3. **Similar to the arguments presented against the Larimer Planning Commission and the DRMS in Case No. 1:18-CV-00860**, last August 15, 2018, at the Larimer Planning Hearing of the Knox Pit; the Larimer Planning Commission had perpetuated a continued discrimination against Mrs. Reyes on the basis of her disability:
   - By repeating violations of Title II of the ADA as asserted in this Complaint
   - By repeating the action to deny to an individual with a recognized disability, the right to Due Process as guaranteed by the Constitution, to present evidence and be heard at the Larimer Planning Commission Hearing held on August 15, 2018.

4. The DRMS and the Larimer County Planning Commission **are both agencies of the State of Colorado**

5. The DRMS and the Planning Commission **are both Permitting Agencies overseeing the Knox Pit mining application process**

6. The Plaintiff, Teresita Reyes, had been **twice** denied the Public Entity benefit of presenting evidence and being heard **at both:**

   a. **The DRMS Hearing on March 21, 2018**
   b. **The Planning Commission Hearing on August 15, 2018.**

The Plaintiff alleges that in violation of **28 C.F.R. 35.130 (3)(iii)**; that the Larimer County Planning Commission had effected a perpetuation of Discrimination by the repeated denial of a Public Entity benefit that would have otherwise allowed the Plaintiff to present evidence and

Pedro & Teresita Reyes v. The Larimer Planning Commission

December 3, 2018

be heard at the Knox Pit Hearing.

Pedro & Teresita Reyes v. The Larimer County Planning Commission
December 3, 2018

D. STATEMENT OF CLAIM(S)

CLAIM FOUR:  **28 C.F.R. 35.130 (b)(1)(iii)(iv)**

Supporting facts:

On August 15, 2018, in violation of **28 C.F.R. 35.130 (b)(1)**; the Larimer Planning Commission had denied Mrs. Reyes, who is a disabled individual; a Public Entity benefit of performing a duty to advocate for her spouse, Mr. Reyes who is also a disabled individual.

Also at the Hearing, the Larimer Planning Commission had ruled to grant Mr. and Mrs. West an arguably "equal" benefit that that it had adversely denied to Mr. & Mrs. Reyes.

Presiding Chairman Jensen had provided Mr. & Mrs. Reyes with a Public Entity benefit that was not as effective in affording them to obtain the same level of achievement that it had ruled to afford Mr. & Mrs. West; both of whom were allowed full liberty that enabled them to achieve their goal of presenting evidence and being heard at the Hearing.

The attached video recording of the minutes of the Hearing will show that in violation of **28. C.F.R. 35.130 (iii)(iv)**; Chairman Jensen had provided Mr. & Mrs. Reyes with a different and lesser benefit than that it had provided Mr. & Mrs. West.

https://www.larimer.org/bocc/commissioners-meetings/internet-broadcasts-commissioners-meetings#/tv/

In violation of **28 C.F.R. 35.130 (iii)(iv)**; Presiding Chairman Jensen had failed an obligation to provide Mr. & Mrs. Reyes with a Public Entity benefit that was as effective as that he had readily provided Mr. & Mrs. West at the Hearing.

D. STATEMENT OF CLAIM(S)

CLAIM FIVE: **28 C.F.R. 35.130 (7) (1)**

Supporting facts:

The Larimer County Local Government through its assigns; the Larimer Planning Commission had effected a discrimination against Pedro & Teresita Reyes by failing an obligation to make reasonable modifications in policy, practice and procedure, which otherwise would have prevented a discrimination on the basis of disability against Pedro & Teresita Reyes.

Presiding Chairman Jensen's action to grant Mr. & Mrs. Reyes a lesser benefit, than that it had granted to Mr. & Mrs. West; is construed as arbitrary and an unequal application of the law. Chairman Jensen's failure to make reasonable accommodation when doing so would:

- ➤ **Not have** fundamentally altered the nature of the Hearing

- ➤ **Have** allowed the opportunity for the disabled Mrs. Reyes to speak as her disabled spouse's designated representative.

Is construed as the Larimer County Planning Commissions failure to comply with **28 C.F.R. 35.130 (7)(1).**

Pedro & Teresita Reyes v. The Larimer County Planning Commission
December 3, 2018

D. STATEMENT OF CLAIM(S)

CLAIM SIX: **42 U.S.C. 1983**

Supporting facts:

The Plaintiffs Mr. & Mrs. Teresita Reyes, allege that the Larimer County Local Government through its assigns; the Larimer Planning Commission; had deprived the Plaintiffs of the following Due Process rights as guaranteed by the Constitution.

Mr. & Mrs. Reyes had been denied:

- ➤ The right to be heard by an impartial Hearing Officer at the Planning Commission Knox Pit Hearing held at the Larimer County Courthouse on August 15, 2018
- ➤ An ADA protected right owed to Mr. Reyes, who is an individual with a disability, to be represented by his wife and designated representative, Mrs. Reyes
- ➤ The right to have findings of fact and law and explicit reasons for the Planning Board's decision to bar Mr. Reyes from presenting evidence of the adverse effects of the proposed Pit on his health at the Hearing
- ➤ The right to have findings of fact and law and explicit reasons for the Planning Board's decision to prevent Mr. Reyes from protesting and being heard at the Hearing.
- ➤ The right to be recognized as an Interested Party and Public Commenter of the Planning Commission Knox Pit Hearing held on August 15, 2018.

Records will show that Mr. Reyes was deprived of a right to be recognized as a Party to the Hearing. His name had been deleted from the list of names of acknowledged speakers reflected in the written record of the minutes of the Hearing.

The Plaintiffs are respectfully appealing the Court for a review of the Procedural Due Process as it relates to the Plaintiffs' discovery of a discrepancy between the video and written recording of the Hearing. This act in effect questions the conduct of the judicial proceedings and the integrity of the Knox Pit hearing. (***Please see exhibit 1)***

The Plaintiffs assert that **in violation of 42 U.S.C. 1983:**

- On August 15, 2018, the Larimer Planning Commission had rendered its decision to permit the Knox pit based on inaccurate facts and evidence **that have not been accurately reflected on record.**
- **That the discovery of the discrepancy prevents the Court or any other reviewing body from considering any existing Knox Pit Hearing fact or evidence that had been left out and had not been put on record.**

Pedro & Teresita Reyes v. The Larimer Planning Commission

December 3, 2018

### E. REQUEST FOR RELIEF

The Plaintiffs are respectfully seeking punitive and compensatory damages in the amount of $75,000.00 or whichever relief the Court may deem just.

The Plaintiffs are petitioning the Court for a judicial review of the LaPorte mining and industrial planning and land use permitting process; as it relates to Community health, safety and welfare.

**The Plaintiffs are seeking the Court's Authority in implementing dedicated particulate monitors to help address and accurately regulate the uninvestigated – unregulated existing health hazards in the environment of LaPorte.**

The Plaintiffs are seeking injunctive relief pending a Geospatial-Health analysis using site-specific data targeting the cumulative effects of **all** existing pollution sources and existing mines in the 6 square mile area of LaPorte.

F. PLAINTIFF(S) SIGNATURE(S) We declare under penalty of perjury that we are the plaintiffs in this action, that we have read this complaint, and that the information in this complaint is true and correct. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, we also certify to the best of our knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Reyes* _____

(Plaintiff(s) signature(s))

12-03-2018

(Date)

(Revised December 2017)

*Pedro & Teresita Reyes v. the Larimer County Planning Commission*
*November 30, 2018*

## **Sequence of Events**

1. On **May 4, 2018**

    - The Plaintiff, Teresita Reyes, had filed complaint alleging a Title II violation of the ADA. The Plaintiff named the Larimer Planning Division as a Respondent in Case Number 1:18-cv-00860.
    - Page 3 of Amended Complaint 1:18-CV-00860; evidences that the Respondent; the Larimer Planning Division, had been apprised that both the Plaintiff and her spouse Pedro Reyes are individuals with recognized disabilities.

2. On **October 22, 2018**

    - The district Court had ruled to dismiss Plaintiff Teresita Reyes' complaint against the Respondent Larimer County Planning Division.

3. On **August 15, 2018 at 6:30 p.m.**

    - The Plaintiffs, Pedro Reyes and Teresita Reyes, presented at the Larimer County Planning Commission Hearing of the Loveland ready Mix Knox Pit application. The Hearing was held at the Larimer County Courthouse located at 200 West Oak Street in Fort Collins. The Plaintiffs were at the Courthouse on that day, to avail of the benefit of being able to speak and be heard in protest of the proposed Pit during the Public Comment segment of the Hearing. The Reyeses looked forward to being able to express concerns regarding the adverse effects of the proposed Pit, particularly on the health of Mr. Reyes who is diagnosed with a heart condition that impairs his ability to speak and articulate his thoughts. Mr. Reyes is also mildly hard of hearing.

1

He has impaired vision that limits his ability to read and drive at night. Mr. Reyes also has a limited command of the English language.

4. The Plaintiffs stood at the lectern, intent on presenting health concerns that they believed merited serious consideration by the Planning Commissioners, prior to the decision to permit the Knox Pit application, which proposed to conduct mining and cement processing activities less than a mile away from their home for 12 years or more.

5. The Board allowed Plaintiff, Teresita Reyes, the allocated 2-minute per speaker opportunity to be able to comment at the Hearing.

6. Following Mrs. Reyes' Public Comment; Mr. Reyes' was thereafter called by Chairman Jensen to speak. Realizing that his disabilities would take away from the precious 2 minutes that would allow him to articulate his concerns; Mr. Reyes had asked for the Chairman's permission to allow his spouse, Mrs. Reyes to speak on his behalf. Mr. Reyes relied on Mrs. Reyes to help enable him to verbally express how he felt about the proposed mine and how he believed exposure to mining noise and dust would pose a threat to his medical condition.

7. Commissioner Jensen refused to accommodate Mr. Reyes' request for his wife and designated representative, Mrs. Reyes; to speak on his behalf.

- Video recording of the Hearing will show that, without addressing Mr. Reyes' request for accommodation nor seeking a consensus by consulting with other members of the Planning Board; Commissioner Jensen took it upon himself to abruptly dismiss Mr. Reyes' request for accommodation

- Chairman Jensen and the Planning Commissioners had denied Mr. Reyes a benefit provided by the Public Entity. The deprivation had taken away from Mr. Reyes, an opportunity that had been provided to all speakers present at the hearing that day.

- Mr. Reyes asserts that he had been denied a Public Entity benefit - **without being informed why the said benefit was being denied to him.**

2

- Commissioner Jensen and the Larimer Planning Commission had denied the disabled Mr. Reyes Procedural Due Process, by depriving Mr. Reyes the right to present evidence at the Hearing

- Commissioner Jensen and the Larimer Planning commission had deprived Mr. Reyes of Procedural Due Process by denying him the right to be heard at the Hearing.

8. Immediately after Mr. & Mrs. Reyes' turn to speak; Mr. Jack West & Mrs. Ladelle West came forward for a turn to comment. Mrs. West stated that her husband, Mr. Jack West, was a disabled individual who had collected signatures in opposition of the proposed pit.

- Commissioner Jensen had granted Mrs. West the benefit to speak for Mr. West. He freely allowed her to present Mr. West's comment that she had read from a piece of paper.

- Adversely, Commissioner Jensen had denied the equal benefit of having Mrs. Reyes present Mr. Reyes' comments, that Mrs. Reyes had knowledge of and had planned to present at the Hearing on his behalf.

- Mr. Jack West is a disabled individual. Mrs. Ladelle West is not. Whereas, Mr. Reyes & Mrs. Reyes are both disabled individuals. Chairman Jensen had effected a disparity against Mr. & Mrs. Reyes by depriving them of 2 minutes public-comment time and adversely favoring Mr. & Mrs. West by granting them 4 minutes of Public Comment time.

9. Commissioner Jensen and the Planning Commission had allowed Mrs. West the full liberty of advocating for her disabled spouse as his designated representative – but had unfairly denied the same freedom that would have otherwise allowed Mrs. Reyes the equal right to advocate for her disabled spouse as his designated representative.

10. The video recording of the Larimer County Planning Commission Hearing of the LRM Knox Pit held at the Larimer County Courthouse on August 15, 2018, will show:

    a. The discriminatory action that the Larimer County Planning Commission had effected

3

*Pedro & Teresita Reyes v. the Larimer County Planning Commission*

*November 30, 2018*

against Mr. & Mrs. Reyes

    b. That, **a serious act of omission**, which would clearly evidence a deprivation of rights; exists between written record and videotaped recording of the Larimer County Planning Commission Hearing minutes on August 15, 2018. The Plaintiffs are respectfully petitioning the Court to compare the written text with the video recording of the progression of the Public Comment portion of the August 22, 2018 BOCC Loveland Ready Mix Knox Pit Hearing

In the interest of fairness, that the Plaintiffs are respectfully petitioning for the Court to review the above mentioned act of omission as it relates to the integrity and judiciousness of the Knox Pit Hearing and all preceding and future Larimer County hearings.

Pedro & Teresita Reyes v. The Larimer Planning Commission

December 3, 2018

EXHIBIT 1

https://apps.larimer.org/boards/minutes/pc_08152018_minutes.htm

## LARIMER COUNTY PLANNING COMMISSION

### Minutes of August 15, 2018

The Larimer County Planning Commission met in a regular session on Wednesday, August 15, 2018, at 6:30 p.m. in the Hearing Room. Commissioners' Choate, Dougherty, Gerrard, Johnson, Lucas, Miller and Wallace were present. Commissioner Jensen presided as Chairman. Commissioner Caraway was absent. County Staff present were Todd Blomstrom, Community Planning, Infrastructure and Resources Director, Lesli Ellis, Community Development Director, Matt Lafferty, Principal Planner, Carol Kuhn, Principal Planner, Rob Helmick, Senior Planner, Jenn Cram, Planner II, Clint Jones, Engineering Department, Lea Schneider, Health Department, and Debby Johnson, Recording Secretary.

The Planning Commission went on a site visit to CSU CVID Location & Extent, Fishburn Conservation Development and Laporte Pit Special Review.

**PUBLIC TESTIMONY:**

John Barth, Attorney for the No Laporte Gravel Corp., gave a detailed group presentation on the concerns of the area residents and businesses. He suggested that the Planning Commission deny this application.

Commissioner Wallace asked Mr. Barth to please respond to his last issue requiring the applicant to make it open space when it is out of their hands because of the Laporte Area Plan.

Mr. Barth replied that it should not be their concern but the concern of the Planning Commission. It is zoned Open for Open Space.

Commissioner Gerrard stated that this is a natural resource and designated by the State of Colorado as critical. How do you suggest that the Planning Commission Board go tell the applicant to mine elsewhere.

Mr. Barth replied that the State of Colorado can't make those decisions for the Board. This Board has the power for Land Use designation in the County. The Special Use Review specifically acknowledges that some use may not be compatible and this use is not.

Laurie Evans stated the Community concerns.

Teresita Reyes stated her health concerns for people and the environment.

**(Pedro Reyes stopped from presenting and being heard here.)**

- Mr. Reyes was a registered speaker at the Hearing. His name was deleted from this list of speakers at the Hearing.

- Nothing on official Planning Commission record indicates that Mr. Reyes was denied his turn to present health concerns in protest of the proposed Pit.

- Nothing on record shows that he was barred from being heard by the Commissioners at the Hearing.

- Mrs. Reyes (disabled) was prevented from presenting and being heard on behalf of Mr. Reyes (disabled)

Jack West stated his support for the applicant and collected signatures in favor of the applicant.

Ladelle West stated she supports the acceleration and deceleration lanes and has safety concerns for County Road 54G.
Mr. Jack West (disabled) & Mrs. West; who followed right after Mr. & Mrs. Reyes, were both given full liberty (4 minutes to speak) to present and be heard.

- Mr. West's request for his spouse, Mrs. West, to present and be heard in his stead was accommodated by Chairman Jensen.
- Chairman Jensen denied the equal benefit and accommodation that he had allowed to Mr. & Mrs. West by barring Mr. Reyes' wife to present on his behalf.

Patrick Redmond stated he has baled and farmed the said property and the work was very dusty. Mr. Redmond stated that he never had one complaint from the neighbors and he is in support of the applicant.

Alison Schonhoff stated she is a Co-Chair of LAPAC and is concerned for the growth in the community.

Christine Bebow stated her concern about another heavy industrial use.

Erin Hayhow stated her concern for the growth, health and the environment for herself and fellow students.

Kathy Clark stated her concern for the community harmony.

Tom Houston stated his support for the applicant.

Laura Martinez stated that she takes annual field trips to the Loveland site and is in support of the applicant.

Katherine Slota stated she has an organic farm and contamination of the irrigation water might affect her livelihood.

Pedro & Teresita Reyes v. The Larimer Planning Commission

December 3, 2018

Commissioner Choate asked where her farm is located.

Ms. Slota stated they are on the northwest corner.

John Skinner stated his concerns with the Environmental Study.

Ray Burgener stated he is a 71- year resident and is in favor of the applicant.

Jerry Johnson stated his concern with the dust and water table.

Mandy Krotzman stated her concern on the negative impact on air and water quality, noise and traffic.

Bruce Davidson stated his concern for the noise decibels and the extra traffic.

Juan Vargas stated he is in support of the applicant.

Dennis Gallegos stated his concern for the noise and dust.

Sheble McConnellogue stated her support for the applicant.

Ryan Houdek stated his concern with the location and traffic on County Road 54G.

Chairman Jensen stated that with the time restraints for the evening, the hearing was adjourned at 10:01 p.m. until August 22, 2018, at 6:30 p.m.

These minutes constitute the Resolution of the Larimer County Planning Commission for the recommendations contained herein which are hereby certified to the Larimer County Board of Commissioners.

_____          _____
Jeff Jensen, Chairman                                         Nancy Wallace, Secretary