IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Civil Action No. 18-cv-03115-STV

PEDRO REYES,

    Plaintiff,

v.

JEFF JENSEN,
GARY GERRARD, and
LARIMER COUNTY COMMUNITY PLANNING DEPARTMENT,

    Defendants.
_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Plaintiff's Motion for Joinder (the "Motion"). [#89] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##48, 49] For the following reasons, the Motion is **DENIED**.

    Although styled as a Motion for Joinder, the Motion is properly interpreted as a motion for reconsideration of United States District Court Judge Lewis T. Babcock's March 21, 2019 Order to dismiss in part and to draw the case. [#21] In that Order, Judge Babcock dismissed then-Plaintiff Teresita Reyes' claims, because she had failed to allege any facts showing that her rights under Title II of the Americans with Disabilities Act ("ADA") had been violated, and because she lacked standing under the ADA to assert the rights of her husband, Plaintiff Pedro Reyes. [*Id.* at 4-5] In the instant Motion, Plaintiff argues that the Court was mistaken in dismissing Ms. Reyes from the case, and that Ms.

Reyes should be brought back into the case because she has an interchangeable economic interest in this matter. [#89] Because Plaintiff has failed to make any showing that the Court should reconsider its prior Order, this Court need not refer the matter to Judge Babcock, and the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). "A motion for reconsideration is an extreme remedy to be granted in rare circumstances." *Stoney v. Cingular Wireless L.L.C.*, No. 06-cv-02003-WYD-KLM, 2009 WL 1394260, at *1 (D. Colo. May 19, 2009) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Does*, 204 F.3d at 1012). Accordingly, "[a]bsent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration." *Id.* (citing *Does*, 204 F.3d at 1012).

Here, Plaintiff's Motion provides no new evidence, does not cite to any new case law, and does not point to clear error in the Court's analysis in dismissing Ms. Reyes. Accordingly, Plaintiff has failed to demonstrate the extraordinary circumstances warranting a motion for reconsideration and the Motion for Joinder [#89] is **DENIED** and Ms. Reyes will not be added as a plaintiff to this litigation.


DATED: January 31, 2020

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge